UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LAMAR FOSTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 3:12-CV-651 RM |
| ) | |
| ) | |
| SGT. POTTS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

OPINION AND ORDER

Lamar Foster, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE 1.) Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under Section 1915A as when deciding a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. Bissessur v. Indiana Univ. Bd. of Trs., 581 F.3d 599, 602-603 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 603. The court must bear in mind, however, that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

The complaint isn't overly detailed, but giving it liberal construction, Mr. Foster alleges that during an incident in July 2012, he was subjected to excessive force by four correctional officers from the Indiana State Prison ("ISP"). According to the complaint and attachments, Mr. Foster went to speak with a correctional officer after several inmates attacked and beat him, which Mr. Foster attributed to the officer's failure to lock his cell even though he was supposed to be on "key lock" for his protection. This was the second time such an incident had occurred. He claims that during this discussion he said he did not want to go back to his cell, to which Sergeant Potts responded that he had to go back. Mr. Foster said he was afraid to go, at which time Sergeant Potts, Officer Beach, and Officer Puetzer slammed him to the ground while he was in handcuffs; in his words, they were "being way [too] aggressive." Sergeant Potts continued to push his head into the floor while he was lying on the ground. Officer Robinson grabbed his left foot, which had been placed in leg cuffs, and began "twisting it around." Mr. Foster claims he told Officer Robinson that was his "bad foot," but he continued to twist it. He claims that this altercation caused him significant pain in his back, hand, shoulder, head, and foot. These allegations might or might be entirely correct, but they are all the court has to work with at the screening stage.

Under the Eighth Amendment, the "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." Hendrickson v. Cooper, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Several factors guide the inquiry of whether an

officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. Id. An inmate can't refuse to comply with a direct order from a correctional officer; if he does, the officer is justified in using some level of force to obtain his compliance. *See* Lewis v. Downey, 581 F.3d 467, 473 (7th Cir. 2009); Soto v. Dickey, 744 F.2d 1260, 1267 (7th Cir. 1984).

It appears from the complaint that Mr. Foster might have refused an order to return to his cell, and in such case the officers were justified in using some level of force to obtain his compliance. Still, Mr. Foster alleges a plausible claim that the officers used more force than was necessary under the circumstances. He alleges that three officers slammed him to the ground when he was wearing handcuffs, were joined by a fourth officer, and continued to beat him and twist his "bad" foot while he was lying on the ground in leg restraints. The complaint can be read to allege that Mr. Foster was not offering resistance during this incident, other than his initial statement that he did not want to return to his cell. Further factual development might show that Mr. Foster was resisting the officers' attempts to restrain him or that their actions were otherwise reasonable under the circumstances, but at this stage the court must accept Mr. Foster's allegations as true and draw all reasonable inferences in his favor. Giving him the inferences to which he is entitled, he has alleged enough to proceed past the pleading stage.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Sergeant Potts, Officer Robinson, Officer Beach, and Officer Puetzer in their individual capacities for monetary damages for using excessive force against him in violation of the Eighth Amendment;

(2) DISMISSES any and all other claims contained in the complaint;

(3) DIRECTS the U.S. Marshals Service to effect service of process on Sergeant Potts, Officer Robinson, Officer Beach, and Officer Puetzer; and

(4) ORDERS that Sergeant Potts, Officer Robinson, Officer Beach, and Officer Puetzer respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and N.D. IND. L.R. 10.1, only to the claim for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: November 30, 2012        /s/ Robert L. Miller, Jr.
                                  Judge
                                  United States District Court