UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| LAMAR FOSTER, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) CAUSE NO. 3:12-CV-651 RM |
| SGT. POTTS, *et al.*, | ) |
| Defendants. | ) |

OPINION AND ORDER

Lamar Foster, a *pro se* prisoner, is proceeding on a claim that four correctional officers at Indiana State Prison ("ISP") used excessive force against him during an incident occurring in July 2012. (DE 8.) The defendants move for summary judgment on the ground that Foster didn't properly exhaust his administrative remedies before filing suit.[1] (DE 23.)

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will

---

[1] The defendants improperly designated their motion as being brought under FED. R. CIV. P. 12(b)(6), despite that they submitted outside evidence in support of the motion. The motion was previously converted to a motion for summary judgment (DE 25), and the *pro se* plaintiff was given proper notice in accordance with N.D. IND. L.R. 56-1(f) (DE 26).

properly preclude the entry of summary judgment." *Id.* To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Ogden v. Atterholt, 606 F.3d 355, 358 (7th Cir. 2010). A party opposing a properly supported summary judgment motion can't rely merely on allegations or denials in his or her own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010).

Under the Prison Litigation Reform Act, prisoners are prohibited from bringing an action in federal court with respect to prison conditions until "such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement applies to claims alleging the use of excessive force. Porter v. Nussle, 534 U.S. 516, 532 (2002). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). "[U]nless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Id.* at 1023. Failure to exhaust is an affirmative defense on which the defendant bears the burden of proof. Dole v. Chandler., 438 F.3d 804, 809 (7th Cir. 2006).

This summary judgment record shows that ISP has a three-step grievance process: the initial step is to try to informally resolve the issue with staff; thereafter, the inmate must initiate the formal grievance process by submitting a

2

written grievance to the executive assistant of the facility; the third and final step is an appeal to the Indiana Department of Correction final reviewing authority. (DE 24-1, Morton Decl. ¶ 4; DE 24-2, Grievance Policy, § V, XIV.) A record is kept of offender grievances, and those records reflect that Mr. Foster tried to resolve his grievance informally, and then on July 25, 2012, submitted a formal written grievance regarding the incident giving rise to this lawsuit. (DE 24-1, Morton Decl. ¶ 7; DE 24-3, Grievance.) Facility staff responded to the grievance on August 30, 2012, deciding that there had been no wrongdoing by the officers. (DE 24-4, Grievance Response.) Mr. Foster was advised that if he didn't agree with the response, he had the right to appeal to the final reviewing authority within ten working days. (*Id.*) He didn't file an appeal to the final reviewing authority. (DE 24-1, Morton Decl. ¶ 9; DE 24-5, Grievance History.) Based on this omission, the defendants argue that Mr. Foster didn't exhaust his administrative remedies before filing suit.

Mr. Foster doesn't dispute that he didn't file an appeal with the final reviewing authority. (DE 27.) Instead, he argues as follows:

> The final step is only if the prison grievance process does not look into the problem, and done nothing to resolve the issue. I received the response I needed from the formal grievance, and felt like I did not need to address Central Office the final authority. I was planning on filing a federal lawsuit anyway because my rights were violated by these officers.

(DE 27 at 1.) His argument is unavailing, because a prisoner must take *each* available step within the administrative process in order to properly exhaust. Pozo

3

v. McCaughtry, 286 F.3d at 1024. Any other interpretation "would leave § 1997e(a) without any oomph" by allowing prisoners to "thumb their noses" at the grievance process. *Id.* In some circumstances, a prisoner may be excused from proceeding further in the grievance process if he obtained all the relief he was seeking. *See* Thornton v. Snyder, 428 F.3d 690, 695 (7th Cir. 2005) (inmate was not required to file a grievance appeal where he complained about the poor condition of his mattress and was given a new mattress in response to his initial grievance). But Mr. Foster didn't obtain any relief; instead the matter was investigated and it was determined that the officers did nothing wrong. (DE 24-4, Grievance Response.) Mr. Foster clearly disagreed with this determination, as evidenced by this suit in which he alleges that the officers violated his Eighth Amendment rights.

It appears that once his initial grievance was denied, Mr. Foster decided that he would rather proceed directly to federal court, where he might obtain an award of damages. But the PLRA requires exhaustion if any form of relief is available through the grievance process. Booth v. Churner, 532 U.S. 731, 741 (2001) (even when a prisoner seeks relief not available in grievance proceedings, such as money damages, exhaustion is a prerequisite to filing suit as long as some form of relief is available). The record shows that the final reviewing authority could have granted Foster some form of relief, including reporting improper staff conduct to the Indiana Attorney General or changing facility procedures. (DE 24-2, Grievance Policy, § VI.) Mr. Foster chose not to pursue this available remedy. Therefore, he didn't properly exhaust before filing suit. Pozo v. McCaughtry, 286 F.3d at 1025.

4

For these reasons, this action must be dismissed pursuant to 42 U.S.C. § 1997e(a). It isn't clear that Foster still has the ability to exhaust, but because the state might allow him to cure his omission, the dismissal will be without prejudice. Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004) ("[A]ll dismissals under § 1997e(a) should be without prejudice.").

For these reasons, the defendant's motion (DE 23) is GRANTED, and this action is DISMISSED WITHOUT PREJUDICE pursuant to 42 U.S.C. § 1997e(a).

SO ORDERED.

ENTERED: August 29 , 2013.    /s/ Robert L. Miller, Jr.
Judge
United States District Court